**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 13-cv-02888-MSK-MEH**

**DANVIS S. SMITH,**

    **Plaintiff,**

**v.**

**AETNA LIFE INSURANCE COMPANY,**

    **Defendant.**

---

**OPINION AND ORDER DENYING MOTION
TO REMAND AND DENYING MOTION TO DISMISS**

---

**THIS MATTER** comes before the Court on the Plaintiff Danvis S. Smith's Motion to Remand **(#26)** the case to the District Court for the City and County of Denver, Colorado. The Defendant Aetna Life Insurance Company filed a Response **(#35)**. Mr. Smith did not reply. Also pending before the Court is a Recommendation **(#51)** from the Magistrate Judge that the Defendant's Motion to Dismiss **(#9)** be granted. Mr. Smith filed timely Objections **(#60)** to the Recommendation, and the Defendant responded **(#61)**.

**I. Background**

Mr. Smith, proceeding *pro se*,[1] filed this case in the District Court for the City and County of Denver, asserting four claims: (1) breach of insurance contract; (2) bad faith breach of

---

[1] The Court is mindful of Mr. Smith's *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other such defects in Mr. Smith's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relive Mr. Smith of the duty to comply with various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat Mr. Smith according to the same standard as counsel licensed

1

insurance contract; (3) statutory bad faith under C.R.S. §§ 10-3-1115, -1116(1); and (4) violation of the Colorado Consumer Protection Act (CCPA), C.R.S. § 6-1-105. Based on allegations contained in the Amended Complaint **(#5)**, Mr. Smith's claims arise from a wrongful denial of long-term disability benefits owed to him under a policy of group disability insurance offered through his former employer. The policy was underwritten by the Defendant, Aetna Life Insurance Company.

After sustaining injuries to his shoulder in 2008, Mr. Smith made claims for disability benefits under the policy. Mr. Smith received benefits for two years, but then the Defendant determined that Mr. Smith was no longer disabled under the terms of the policy and denied any additional benefits after February 2010. Mr. Smith contends that the Defendant's decision to deny benefits was based on false and erroneous information and that the disability benefits should have continued until he was eligible to receive his full Social Security benefits in July 2011. Further, Mr. Smith was involved in a lawsuit regarding the incident in which he sustained his injury. When the case settled, the Defendant demanded that Mr. Smith reimburse it for the nearly two years of benefits previously paid. In accordance with the policy, the Defendant asserted a lien on the proceeds of the settlement on the basis that the settlement included compensation for Mr. Smith's lost wages due to his injuries.

Mr. Smith seeks recovery of all benefits owed to him under the plan, including benefits that were denied after February 2010 and recovery of benefits that were previously paid and recouped by the Defendant. Mr. Smith also seeks recovery of economic and non-economic consequential damages, attorney fees and costs, and statutory damages as permitted under § 10-3-1116(1) and § 6-1-105.

---

to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

The Defendant removed the case to this Court, on the basis that the claims are completely preempted under the civil enforcement provision of the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, *et seq.* In the notice of removal, the Defendant asserts that because the claims are preempted under ERISA, this Court has original jurisdiction and removal is proper.

Shortly thereafter, the Defendant moved to dismiss **(#9)** Mr. Smith's claims under Fed. R. Civ. P. 12(b)(6), again asserting that the claims are completely preempted by ERISA. The motion to dismiss was referred to the Magistrate Judge. Meanwhile, Mr. Smith moved to remand **(#26)** the case to the district court. While the motion to remand was pending, the Magistrate Judge issued a Recommendation on the Defendant's motion to dismiss. The Magistrate Judge found that each of Mr. Smith's claims is preempted by ERISA, and therefore recommends that the motion to dismiss be granted and that Mr. Smith be given an opportunity to amend his pleadings to assert claims under ERISA. Mr. Smith filed timely objections to the Recommendation.

## II. Analysis

### A. Motion to Remand

Mr. Smith contends that the case must be remanded to the district court because (1) the Notice of Removal is untimely and/or defective; (2) his pleadings do not reference an "employee welfare benefit plan."

*1. Timeliness*

Under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after the receipt by the defendant of a copy of the initial pleading. Mr. Smith contends that the Notice of Removal is untimely because a copy was not mailed to him until after the 30-day period. Mr.

Smith also contends that the Notice of Removal is defective because the Defendant made a false statement in the accompanying certificate of service, indicating that it had mailed a copy of the notice to Mr. Smith on October 23, 2013.

The Court disagrees.  Section § 1446(b) specifically states that the notice must be *filed*, not served, within 30 days.  The statute does not set forth a requirement that a notice be served on the plaintiff within a particular timeframe.  Here, the complaint and summons were served on the Defendant on September 24, 2013.  The record shows that the Defendant's Notice of Removal was filed in this Court on October 23, 2013, within the 30-day period.  Thus, the removal was timely.  As to the assertion that the Defendant made a false statement in the certificate of service, the evidence submitted by Mr. Smith shows that the mailing he received was postmarked October 23, 2013.  This is in accordance with the assertion the Defendant made in the certificate of service.  Even assuming that the mailing was delayed beyond October 23 for some reason, Mr. Smith has not made any showing as to how he was prejudiced by the delay, especially in light of the fact that the Notice was timely filed in this Court.  Accordingly, remand is not warranted.

   *2. ERISA Preemption*

Mr. Smith argues that this Court lacks jurisdiction because he does not assert claims under ERISA and his pleadings do not reference an "employee welfare benefit plan."

Under the removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant" to federal court.  28 U.S.C. § 1441(a).  One category of cases of which the district courts of the United States have original jurisdiction is "federal question" cases — that is, cases "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

Generally, removal on federal question grounds is permitted only where the existence of a federal claim appears on the face of the "well-pleaded complaint." *Beneficial Nat. Bank v. Anderson*, 529 U.S. 1, 6 (2003). This inquiry focuses on what necessarily appears in the plaintiff's statement of his own claims, and does not involve consideration of defenses — such as federal preemption — that the defendant intends to assert. *Id.* (citing *Franchise Tax Board v. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1 (1983)). The sole exception to the well-pleaded complaint rule is where Congress has *completely* preempted state laws on a given issue, such that a purported state law claim is re-characterized to be federal in nature. *Id.* Complete preemption occurs when a federal statute wholly displaces state law causes of action relating to a particular issue. *Id.* at 8. The Supreme Court has determined that Congress intended the complete preemption doctrine to apply to state law causes of action that fit within the scope of ERISA's civil enforcement provisions, § 502(a) (codified at 29 U.S.C. § 1132(a)). *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 64 (1987).

ERISA § 502(a)(1)(B) provides: "A civil action may be brought — (1) by a participant or beneficiary[2] — . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The term "plan" refers to an "employee welfare benefit plan," which is defined as

> any plan, fund, or program which was heretofore or is hereafter established by an employer . . . to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment . . . .

---

[2] A "participant" means "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer . . . ." 29 U.S.C. § 1002(7).

5

29 U.S.C. § 1002(1), (3).

Mr. Smith argues that his claims relate only to benefits owed to him under the specific insurance policy issued by the Defendant, and that they do not relate to a "plan" as defined by ERISA. However, the Amended Complaint alleges that Mr. Smith was wrongfully denied disability benefits under a "group disability insurance plan" offered to him through his former employer. Although Mr. Smith attempts to distinguish between the insurance policy at issue and an employee welfare plan, it is clear from the allegations that the insurance policy was offered to Mr. Smith as part of a benefit plan established by his former employer. Mr. Smith's claims can be reasonably understood as claims to recover disability benefits owed to him under the terms of an employee benefit plan and therefore fall within the scope of § 502(a)(1)(B). Accordingly, Mr. Smith's claims are completely preempted by ERISA. The Court finds that it has jurisdiction over the matter and removal is proper.

### B. Recommendation on Motion to Dismiss

Having concluded that removal is proper, the Court turns to the Magistrate Judge's Recommendation that the Defendant's motion to dismiss be granted. Mr. Smith objects to the Recommendation, arguing that it erroneously concludes his claims are preempted by ERISA.[3]

When a magistrate judge issues a recommendation on a dispositive motion, the parties may file specific, written objections within fourteen days after being served with a copy of the recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The district court shall make a

---

[3] Mr. Smith also argues that the Recommendation is procedurally improper because it was issued before the Court ruled on his motion to remand. The Court rejects this argument. The Defendant's motion to dismiss was filed before the motion to remand and was referred to the Magistrate Judge for a recommendation. The local rules provide that a judicial officer may rule on a motion "at any time after it is filed." D.C.COLO.LCivR 7.1(d). Contrary to Mr. Smith's belief, the issuance of the Recommendation did not affect, or "bias," the Court's consideration of his subsequent motion to remand.

*de novo* determination of those portions of the recommendation to which timely and specific objection is made. *U.S. v. One Parcel of Real Prop. Known as 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996).

As noted above, Mr. Smith seeks recovery of benefits he believes are owed to him under are owed to him under a group disability insurance policy issued by the Defendant, as well as consequential and punitive damages.  He asserts claims for common law breach of contract, bad faith breach of contract, and statutory claims for violations of C.R.S. §§ 10-3-1115, -1116, and C.R.S. § 6-1-105.  The Defendant moves to dismiss Mr. Smith's claims under Rule 12(b)(6) on the basis that they are each preempted by ERISA.

The Court has conducted a *de novo* review of the Recommendation and agrees with its analysis with regard to ERISA preemption.  State law causes of action are preempted under ERISA both when they are expressly exempted by the terms of the statute, 29 U.S.C. § 1144(a), as well as when the state law provides remedies beyond those contained in ERISA itself. *See Kidneigh v. UNUM Life Ins. Co of America*, 345 F.3d 1182, 1185 (10th Cir. 2003).  Here, each of Mr. Smith's claims is preempted by ERISA.  First, it is well-settled that ERISA expressly preempts common law breach of contract claims that relate to an employee benefit plan. *See Metro. Life. Ins. Co.*, 481 U.S. at 62.  Second, the Tenth Circuit has held that Colorado bad faith claims are preempted by ERISA because they conflict with ERISA's remedial scheme and are also expressly preempted. *See Kidneigh* 345 F.3d at 1185.  Likewise, Mr. Smith's statutory claims under C.R.S. §§ 10-3-1115, -1116(1), and C.R.S. § 6-1-105 are expressly preempted and also conflict with ERISA's integrated remedial scheme. *See Flowers v. Life Ins. Co. of North Am.*, 781 F.Supp.2d 1127, 1130-31 (D.Colo. 2011); *Halprin v. Equitable Life Assurance Society*

*of the United States*, 267 F.Supp.2d 1030, 1039 (D.Colo. 2001); *see also Timm v. Prudential Ins. Co. America*, 259 P.3d 521, 526-27 (Colo. App. 2011).

Because Mr. Smith's claims are preempted by ERISA, they are subject to dismissal under Rule 12(b)(6).  Under such circumstances, the Court ordinarily would dismiss the claims and grant the plaintiff leave to amend his pleadings.  However, the Court finds that in this case the ordinary procedure is unnecessary.  Mr. Smith acknowledged in his Response to the motion to dismiss that he could amend the complaint to comply with federal law.  Thus, rather than dismissing Mr. Smith's claims and requiring that he make such amendments, the Courts deems his claim to be asserted pursuant to ERISA for the recovery of disability benefits to which he believes he is owed.  The case will proceed as if the claims are asserted solely under ERISA, 29 U.S.C. § 1132(a)(1)(B) and (g).  The remedies available to Mr. Smith are limited to those that are specifically provided for by ERISA.

### III. Conclusion

For the forgoing reasons, the Motion to Remand **(#26)** is **DENIED**.  The Court **DECLINES TO ADOPT** the Recommendation **(#51)** to grant the Defendant's Motion to Dismiss.  The Motion to Dismiss **(#9)** is **DENIED**, and the Plaintiff's claims are deemed to be asserted pursuant to ERISA, 29 U.S.C. § 1132(a)(1)(B) and (g).

Dated this 24th day of June, 2014.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Chief United States District Judge